IN THE UNITED STATES DISTRICT COURT
FOR THE SOUTHERN DISTRICT OF MISSISSIPPI
SOUTHERN DIVISION

**DONALD KEITH SMITH**                                          **PLAINTIFF**

**VERSUS**                          **CIVIL NO. 1:14-CV-294-HSO-RHW**

**RONALD WOODALL, ET. AL.**                        **DEFENDANTS**

**ORDER OVERRULING PLAINTIFF'S OBJECTION [86] AND ADOPTING MAGISTRATE JUDGE'S REPORT AND RECOMMENDATION [83]; GRANTING DEFENDANT MICHAEL HATTEN'S MOTION FOR SUMMARY JUDGMENT [63]; GRANTING DEFENDANTS JOSEPH KEYES, WEXFORD HEALTH SOURCES, INC., AND RONALD WOODALL'S MOTION FOR SUMMARY JUDGMENT [73]; AND DISMISSING PLAINTIFF'S COMPLAINT WITH PREJUDICE**

This matter is before the Court for consideration of Plaintiff Donald Keith Smith's Objection [86] to United States Magistrate Judge Robert Walker's October 28, 2015, Report and Recommendation [83] recommending that Defendant Mike Hatten's Motion for Summary Judgment [63] be granted, and further recommending that Defendants Joseph Keyes, Wexford Health Sources, Inc., and Ronald Woodall's Motion for Summary Judgment [73] be granted. After due consideration of the Objection [86], the Report and Recommendation [83], the Motions for Summary Judgment [63] [73], all related pleadings, the record, and relevant legal authorities, the Court finds that Plaintiff's Objection [86] should be overruled, that Magistrate Judge Walker's Report and Recommendation [83] should be adopted as the finding of this Court, that Defendants' Motions for Summary Judgment [63] [[73] should be granted, and that Plaintiff's Complaint [1] should be dismissed with prejudice.

I.     BACKGROUND

On July 30, 2014, Plaintiff Donald Keith Smith ("Plaintiff") filed a Complaint

[1], asserting a claim pursuant to 42 U.S.C. § 1983 for violations of his civil rights after he suffered a broken arm on or about February 27, 2014, while incarcerated at South Mississippi Correctional Institution.  The Complaint named as Defendants Ronald Woodall, Michael Hatten, Joseph Keyes, and Wexford Health Sources, Inc. ("Wexford"), and alleged that Defendants' actions constituted deliberate indifference to a serious medical need and the wrongful taking of $6.00 from his inmate account in response to his request for "emergency" medical treatment for his broken arm. Compl. [1] at 4.

The Magistrate Judge held an omnibus hearing in this matter on December 11, 2014, and the parties subsequently conducted discovery.  R. & R. [83] at 1, 9; *see also* Transcript of Omnibus Hearing [37].  On June 10, 2015, Defendant Mike Hatten filed a Motion for Summary Judgment [63].  Defendants Joseph Keyes, Wexford, and Ronald Woodall filed their Motion for Summary Judgment [73] on July 28, 2015.  On October 28, 2015, the Magistrate Judge entered the Report and Recommendation [83] recommending that the Motions [63] [73], be granted and that Plaintiff's Complaint be dismissed.

On November 16, 2015, Plaintiff filed his Objection to the Report and Recommendation [83].  Plaintiff contends that there are disputed facts "that require a jury rather than a judge to decipher the truth."  Obj. [86] at 2.  Specifically, Plaintiff maintains that Defendant Keyes never performed a physical examination, while Keyes asserts that he did.  Plaintiff posits that the failure to perform an examination is not negligence, "but a clear showing of a knowing disregard for

2

Smith's health," and that because Keyes failed to perform a physical exam, Keyes "treated Smith incorrectly, ignoring Smith's complaints, and his callous indifference was exposed by not immediately ordering an x-ray . . . ." Obj. [86] at 2, 3. Plaintiff further objects to the Report and Recommendation's determination that Plaintiff cannot pursue in this § 1983 action his claim for reimbursement of $6.00 deducted from his inmate account for medical treatment. Plaintiff believes he is precluded from pursuing this claim in state court based upon the "Mississippi Tort Claims Act section (m) which forbids prisoners from bringing suit in state court against state officials." Obj. [86] at 5.

On December 11, 2015, Defendants Ronald Woodall, Joseph Keyes, and Wexford filed their Response to Objection to Report and Recommendation [88], stating that Plaintiff's Objection [86] "raises no new issues and is merely a re-argument" of his initial Response [81] and Memorandum [82] in Opposition to Summary Judgment.

## II. DISCUSSION

### A. Standard of Review

Because Plaintiff has objected to the Magistrate's Report and Recommendation, this Court is required to "make a de novo determination of those portions of the report or specified proposed findings or recommendations to which objection is made." 28 U.S.C. § 636(b)(1)(C); *see also Longmire v. Guste*, 921 F.2d 620, 623 (5th Cir. 1991) (noting parties are "entitled to a de novo review by an Article III Judge as to those issues to which an objection is made"). A court is not required,

however, to make new findings of fact independent of those made by a magistrate. *Warren v. Miles*, 230 F.3d 688, 694-95 (5th Cir. 2000)  Nor is a court required to reiterate the findings and conclusions of a magistrate judge.  *Koetting v. Thompson*, 995 F.2d 37, 40 (5th Cir. 1993).  A court need not consider objections which are frivolous, conclusive, or general in nature.  *Battle v. United States Parole Commission*, 834 F.2d 419, 421 (5th Cir. 1987).

B.   Analysis

The Court finds that based upon the relevant material facts and the law, the Magistrate Judge was correct in concluding that Defendant Mike Hatten's Motion for Summary Judgment [63] should be granted; that Defendants Joseph Keyes, Wexford, and Ronald Woodall's Motion for Summary Judgment [73] should be granted; and that Plaintiff's Complaint should be dismissed with prejudice.

It appears that Plaintiff is advancing two basic objections to the Report and Recommendation: (1) that the case should go to trial because there is an issue of fact as to whether Keyes was deliberately indifferent to Plaintiff's serious medical needs when Keyes did not perform a physical examination and belatedly ordered an x-ray, leading to the improper treatment of Plaintiff's broken arm; and (2) that there is no adequate state court remedy for Plaintiff to pursue recovery of the $6.00 he claims he was wrongfully charged for medical treatment because Plaintiff, as a prisoner at the time the claim arose, is barred from pursuing such a claim in state court under Mississippi Code Annotated § 11-46-9(1)(m).

4

1.   <u>Deliberate Indifference to a Serious Medical Need</u>

Plaintiff's assertion that Keyes is lying about performing a physical examination and was generally providing inadequate medical care, thus raising a question of fact requiring a jury trial on his claim of deliberate indifference, is not supported by the law.  As set forth in the Report and Recommendation[1], Plaintiff's medical records reflect that he received continuous medical care which included being taken to an orthopaedic specialist. R. & R. [83] at 2-3.  Plaintiff's medical records specifically indicate that Keyes documented the results of the physical examination performed on March 12, 2014.  R. & R. [83] at 2-3; *see also* Plaintiff's Medical Records [78] at 211-15.

Plaintiff's assertion that Keyes exhibited "callous indifference" by failing to immediately order an x-ray is not substantiated by the record and does not support Plaintiff's claim of deliberate indifference.

> [T]he question of whether an X-ray - or additional diagnostic techniques or forms of treatment - is indicated is a classic example of a matter for a medical judgment.  A medical decision not to order an X-ray, or like measures, does not represent cruel and unusual punishment.  At most it is medical malpractice . . . .

*Estelle v. Gamble*, 429 U.S. 97, 107 (1976).  Plaintiff's medical records from Southern Bone & Joint Specialists for treatment he received on April 10, 2014, reveal that Dr.

---

[1]   The Court does note that a scrivener's error appears in the Report and Recommendation as it states that certain medical care was administered in 2015 instead of 2014.  For the sake of brevity, the Court will not repeat those facts and findings for the sole purpose of revising the year, as the correct year is reflected on the medical records cited in the Report and Recommendation.

Kosko told Plaintiff that there was no displacement and his arm would "heal fine." Plaintiff's Medical Records [78] at 283-85.

Plaintiff has failed to produce any competent summary judgment evidence to refute his medical records or to substantiate his conclusory allegation that he was not provided adequate medical care. "Medical records of sick calls, examinations, diagnoses, and medications may rebut an inmate's allegations of deliberate indifference." *Banuelos v. McFarland*, 41 F.3d 232, 235 (5th Cir. 1995).

As set forth in the Report and Recommendation, the competent summary judgment evidence does not support a claim of deliberate indifference to a serious medical need. This objection should be overruled.

2. <u>Reimbursement of Medical Treatment Charge</u>

Plaintiff asserts that the dismissal of his claim for the deduction of $6.00 from his inmate account to pay for what he characterizes as "emergency" medical treatment was erroneous, because he does not have an adequate remedy in state court. Obj. [86] at 5. Plaintiff is mistaken. Because Plaintiff exhausted the administrative remedies available to him, Plaintiff could have appealed to a Mississippi state court for review. *Siggers v. Epps*, 962 So. 2d 78, 80 (Miss. Ct. App. 2007) (after exhausting the administrative remedies available, prisoner may appeal an adverse decision to state court pursuant to Mississippi Code Annotated §§ 47-5-801 to 807). Mississippi Code Annotated § 47-5-803 provides that upon exhaustion of administrative remedies, a prisoner may appeal an adverse decision to a state court, as follows:

> No state court shall entertain an offender's grievance or complaint which falls under the purview of the administrative review procedure unless and until such offender shall have exhausted the remedies as provided in such procedure. If at the time the petition is filed the administrative review process has not yet been completed, the court shall stay the proceedings for a period not to exceed ninety (90) days to allow for completion of the procedure and exhaustion of the remedies thereunder.

Miss. Code Ann. § 47-5-803(2).

Plaintiff's claim that he was wrongfully charged $6.00 for medical treatment could be appealed to a state court. *Clincy v. Caskey*, 65 So. 3d 327, 332-33 (Miss. Ct. App. 2011) (affirming, based upon the record, MDOC's deduction from inmate's account for medical treatment MDOC deemed non-emergency medical care, and denying inmate's claim that being charged for medical care constitutes a deprivation of property without due process). Thus, as set forth in the Report and Recommendation, Mississippi law affords adequate post-deprivation remedies for Plaintiff 's claim for reimbursement of his $6.00. This objection should be overruled.

## III. CONCLUSION

After a thorough review and consideration of Magistrate Judge Walker's Report and Recommendation [83], Plaintiff's Objection [86], and the record as a whole, the Court finds that Plaintiff's Objection is not well taken or supported by the record and should be overruled. The Court concludes that Magistrate Judge Walker's Report and Recommendation should be adopted as the opinion of the Court; that Defendant Mike Hatten's Motion for Summary Judgment [63], is well taken and should be granted; that Defendants Joseph Keyes, Wexford Health Sources, Inc., and Ronald Woodall's Motion for Summary Judgment [73] is well taken and should be

granted; and that Plaintiff's Complaint [1] should be dismissed with prejudice. Accordingly,

**IT IS, THEREFORE, ORDERED AND ADJUDGED** that Plaintiff's Objection [86] to United States Magistrate Judge Robert Walker's Report and Recommendation [83] entered on October 28, 2015, is **OVERRULED**.

**IT IS, FURTHER, ORDERED AND ADJUDGED** that Magistrate Judge Walker's Report and Recommendation [83], entered in this case on October 28, 2015, is adopted as the finding of this Court; that Defendant Mike Hatten's Motion for Summary Judgment [63] is **GRANTED**; that Defendants Joseph Keyes, Wexford Health Sources, Inc., and Ronald Woodall's Motion for Summary Judgment [73] is **GRANTED**; and that Plaintiff's Complaint [1] is **DISMISSED WITH PREJUDICE**.

**SO ORDERED AND ADJUDGED**, this the  day of 14th January, 2016.

*s/ Halil Suleyman Ozerden*
HALIL SULEYMAN OZERDEN
UNITED STATES DISTRICT JUDGE

8